18-1939
*In re Motors Liquidation Co. (Reichwaldt v. General Motors LLC)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand nineteen.

PRESENT:
>
> DENNIS JACOBS,
> ROBERT D. SACK,
> PETER W. HALL,
> *Circuit Judges.*

---

In re: Motors Liquidation Company,

*Debtor.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Kaitlyn Reichwaldt,

*Appellant,*

v.                                                            18-1939

General Motors LLC,

                        *Appellee*.

_____

**For Appellant:**                    JAMES E. BUTLER, JR., Robert H. Snyder, Jr.
                                      Rory A. Weeks (on the brief), Butler Wooten
                                      & Peak LLP, Atlanta, Georgia.

**For Appellee:**                     RICHARD C. GODFREY, Andrew B. Bloomer
                                      (on the brief), Kirkland & Ellis LLP,
                                      Chicago, Illinois; ERIN E. MURPHY, C. Harker
                                      Rhodes IV (on the brief), Kirkland & Ellis
                                      LLP, Washington, D.C.; Arthur J. Steinberg,
                                      David M. Fine, Scott I. Davidson, King &
                                      Spalding LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern
District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the district court is
**AFFIRMED**.

Appellant Kaitlyn Reichwaldt appeals from a judgment of the United States
District Court for the Southern District of New York affirming a judgment of the
bankruptcy court which held that she is barred by *res judicata* and the "law of the

case" doctrine from arguing that General Motors LLC ("New GM") assumed liability for punitive damages when it purchased substantially all of the assets of General Motors Company ("Old GM") following Old GM's bankruptcy and pursuant to a sale under 11 U.S.C. § 363. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

I.

In December 2016, the bankruptcy court entered an order to show cause ("OSC") defining a number of threshold issues that it planned to address and informing those parties served with the OSC that they would be bound by the bankruptcy court's rulings on these issues. Threshold Issue Four, which concerned punitive damages, asked: "Are Post-Closing Accident Plaintiffs bound by the Sale Order or may they bring successor liability claims against New GM and seek punitive damages in connection therewith notwithstanding [earlier court rulings]?" J.A. 1459. Reichwaldt, who is a "Post-Closing Accident Plaintiff," was served with the OSC through her counsel. There is some dispute over whether Reichwaldt participated in the proceedings conducted to answer this

3

question before the bankruptcy court. That is, the OSC designated Brown Rudnick LLP and Goodwin Procter LLP to draft the plaintiffs' opening brief, and at various points throughout the litigation Reichwaldt's attorneys have asserted both that she was and that she was not represented by Goodwin Procter LLP. It is not material to the outcome of this dispute, however, whether or not she was in fact represented by Goodwin Procter LLP.

In July 2017, the bankruptcy court resolved Threshold Issue Four, explaining that a prior decision holding that New GM did not contractually assume liability for punitive damages based on Old GM conduct was the "law of the case" and that, as a matter of bankruptcy law, New GM as successor to an insolvent entity could not be liable for punitive damages. *In re Motors Liquidation Co.* ("*July 2017 Decision*"), 571 B.R. 565, 579-80 (Bankr. S.D.N.Y. 2017). After the bankruptcy court issued this opinion, New GM filed a Motion to Enforce the Sale Order (entered by the bankruptcy court to effectuate the sale of assets) against Reichwaldt, who had sued New GM in Georgia after she suffered severe burns resulting from an accident with an Old GM pickup truck. In August 2017, the bankruptcy court granted the Motion to Enforce, explaining once again that New

4

GM did not contractually assume liability for punitive damages resulting from Old GM's conduct related to Post-Closing Accidents and holding that punitive damages are also not available against New GM based on other successor liability theories. *In re Motors Liquidation Co.* ("*August 2017 Decision*"), 576 B.R. 313, 324 (Bankr. S.D.N.Y. 2017). The bankruptcy court also held that its July 2017 ruling was *res judicata* as to Reichwaldt and that Reichwaldt was otherwise barred by the law of the case doctrine from asserting that New GM was liable for punitive damages. *Id.* at 321.

As noted, Reichwaldt argues that she appealed both the August 2017 Decision individually and the July 2017 Decision through Goodwin Procter LLP as one of Those Certain Post-Closing Accident Plaintiffs. The district court consolidated these related appeals, and in May 2018 it affirmed the bankruptcy court's holdings that Post-Closing Accident Plaintiffs could not seek punitive damages for Old GM conduct and that Reichwaldt was barred by *res judicata* and the law of the case from seeking punitive damages against New GM based on Old GM conduct. *In re Motors Liquidation Co.*, 590 B.R. 39, 66-68 (S.D.N.Y. 2018).

5

## II.

"We exercise plenary review over a district court's affirmance of a bankruptcy court's decisions, reviewing *de novo* the bankruptcy court's conclusions of law, and reviewing its findings of facts for clear error." *Matter of MPM Silicones, L.L.C.*, 874 F.3d 787, 794 (2d Cir. 2017) (internal quotation marks omitted) (quoting *In re Lehman Bros., Inc.*, 808 F.3d 942, 946 (2d Cir. 2015)).

## III.

*Res judicata* "holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). "To determine whether the doctrine of res judicata bars a subsequent action, we consider whether (1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks omitted) (quoting *In re Layo*, 460 F.3d 289, 292 (2d Cir. 2006)).

6

Reichwaldt's primary argument for why she is not barred by *res judicata* from arguing that New GM contractually assumed punitive damages is that she had no prior opportunity to make this argument because the causes of action were different. The issue identified in Threshold Issue Four involved whether New GM could be liable for punitive damages on the basis of successor liability. Reichwaldt contends that this is fundamentally different from the argument that New GM could be liable for punitive damages on the grounds that it contractually assumed such liability from its predecessor.

Reichwaldt's argument fails because it ignores the fact that contractual assumption can be a route to successor liability. As we have said, successor liability may attach to a buyer of a corporation's assets where the buyer "expressly or impliedly assumed the predecessor's tort liability." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006).[1] The district court

---

[1] These forms of successor liability are recognized under both New York law and traditional common law. As Reichwaldt points out, the underlying sale agreement states it is to be interpreted using New York law. While other states may have different successor liability schemes, these differences are not relevant to the question at hand and were not briefed.

recognized as much when it said that "the primary means by which New GM could have successor liability for claims arising out of Old GM's conduct is through contractual assumption of liability." *In re Motors Liquidation Co.*, 590 B.R. at 66. The OSC was not required to list explicitly each type of successor liability claim that could be brought in order to bind parties to rulings resulting from it. Reichwaldt's "contractual assumption" argument asserts that New GM is liable through the very instrument that made it a successor of Old GM. That argument, however, is part and parcel of a successor liability argument and should have been raised before the bankruptcy court in response to the OSC. Reichwaldt is therefore barred from making this argument at this stage of the litigation.[2]

Reichwaldt further argues that, even if she is bound by *res judicata*, she is only bound until this Court reverses the district court's May 2018 judgment, since she is included in the appeal by Those Certain Post-Closing Accident

---

[2] Even if Reichwaldt were not barred by *res judicata*, her argument would fail. New GM did not contractually assume liability for punitive damages for the reasons explained in the opinion resolving the appeal by Those Certain Post-Closing Accident Plaintiffs issued on the same day as this summary order.

Plaintiffs.   Regardless of whether Reichwaldt is included in that appeal, her arguments are precluded.   For the reasons set forth in an opinion resolving Those Certain Post-Closing Accident Plaintiffs' appeal issued on the same day as this summary order, the portion of the district court's May 2018 judgment at issue in that appeal is affirmed.

*     *     *

We have reviewed the remainder of Reichwaldt's arguments and find them to be without merit.   Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court